# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

ESTATE OF RYAN ECKELBERRY

            Plaintiffs,

      v.

CSX TRANSPORTATION, INC.,

            Defendant.

Case No. 2:18-cv-00365-MPK


PETITION TO APPROVE AND
DISTRIBUTE SETTLEMENT PROCEEDS


FILED ON BEHALF OF:

PLAINTIFF


COUNSEL OF RECORD:

RICHARD T. HAFT, ESQUIRE
PA.I.D. 83735

JOSEPH P. REWIS, ESQUIRE
PA. I.D. 92908

REWIS & YODER, P.C.
234 SHILOH STREET
PITTSBURGH, PA 15211

(412) 431-7770

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

ESTATE OF RYAN ECKELBERRY

               Plaintiffs,

       v.

CSX TRANSPORTATION, INC.,

               Defendant.

Case No. 2:18-cv-00365-MPK

## PETITION TO APPROVE AND DISTRIBUTE SETTLEMENT PROCEEDS

AND NOW, comes the Plaintiffs, ESTATE OF RYAN ECKELBERRY, , by and through their attorney, Richard T. Haft, Esquire, and files the following Petition to Approve and Distribute Settlement Proceeds, of which a following is a statement:

1. This is a wrongful death and survival action filed on behalf of the Decedent Ryan Eckelberry.

2. The Decedent was the father of ███., age ██.

3. The Decedent was 32 years old at the time of his death.

4. On March 15, 2016, Plaintiff has alleged that on or around 11:30 PM that night, Ryan Eckelberry was riding an ATV and struck and was killed by a metal gate that was admittedly constructed and placed on a well known and used trail (Defendant calls it a right of way) by Defendant CSX Transportation, Inc.

5. Plaintiff has sued on theories of Wrongful Death and Survival alleging many theories of negligence for the placement of this gate.

6. This Petition is brought under Local Civil Rule of Court 17.1.

7. The parties were ordered to Mediation in front of the Honorable Kenneth Benson on July 22, 2019.

8. ████████████████████████████████████████████████████ ████████████████████████ See Exhibit "A".

9. As this Court was aware, the facts of this case were heavily contested by the Defendant and Defendant also made legal defenses where dispositive motions may have been filed.

10. The Defendant alleged Decedent Ryan Eckelberry was intoxicated at the time of the incident, was trespassing, the gate installations were proper and reasonable, and they were not negligent as a matter of law.

11. Due to these contested facts, the Plaintiff requests that this Honorable Court find the settlement amount reasonable.

12. As to distribution, Plaintiff requests the Court approve the attorney fees and costs incurred as given in our settlement sheet and attached as Exhibit "B" and "C" as fair and reasonable.  As the Court is aware, this case required the Plaintiff to retain multiple experts that need paid for their services as well Court reporters for extensive depositions.

13. Both the Administratrix and Guardian for ████. has approved of the Settlement amount and proposed distribution. (Exhibit "D" and "E")

14. As to the distribution of the balance, Plaintiff requests this entire amount be distributed as Wrongful Death proceeds and distributed to ████., Decedent's sole heir and a minor.

15. Pennsylvania prioritizes wrongful death claims over survival claims in order to put the needs of the decedent's dependents over the estate beneficiaries. Krause v. B & O Railroad, Pa. D & C. 3d 458 (C.P. 1983) (Pennsylvania law favors "the natural preference for compensation for needy dependents for loss over windfall inheritances") see also Pa.R.C.P. 2206.

2

16. A notice of Claim was filed in this case by Allegheny General Hospital  See Exbibit "F" for $54,000.00.

17. Plaintiffs are specifically asking the Court for no monies to be allocated for this claim. It is believed and averred the claim is solely a medical bill for the date of the Decedent's death.

18. It is believed and averred the Decedent died the night of his death and was deceased, or nearly deceased, when Decedent was transported from the accident scene to Allegheny General.

19. Claimant Allegheny General Hospital it is averred here made no extraordinary "heroic" efforts out of the norm nor saved Decedent or prolonged his life, and Decedent unfortunately was dead when he presented to Allegheny General Hospital.

20. Therefore, allowing any payment of the claim by the Estate would deprive a minor child of the settlement funds that he will need for the death of his father and would result in a windfall to a third party creditor of the Estate, who would have otherwise written off any medical bill for a deceased person in a similar situation without litigation by the Estate.

21. Furthermore, any creditors of the Estate should not be paid full value, or we argue any value, for their claims given the contested nature of this litigation, the amount of the settlement, the fact that it is just and fair to give any balance monies to the Decedent's minor dependent, and any payment to creditors of the Estate would frustrate the intent of the settlement and would make litigation until trial necessary.

22. ███████████████████████████████████████████████████████
    ████████████████████████████████████████████.

23. ███████████████████████████████████████████████████████
    ███████████████████████████████████████████████.

3

███████████████████████████████████████████

███████████████████████████████████████

WHEREFORE, Plaintiff requests this Court approve the settlement and distribution proposed by the Plaintiff.

respectfully submitted,

/s/      Richard T. Haft
Rewis & Yoder, P.C.
234 Shiloh Street
Pittsburgh, PA 15211
*Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on  August 14        , 2019, I filed the foregoing with the Clerk of

the District Court IN PERSON and hand delivered this Petition to Defense counsel.


/s/ Richard T. Haft

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| ESTATE OF RYAN ECKELBERRY, JANE ECKELBERRY, and HUNTER ECKELBERRY, a minor | Case No. 2:18-cv-00365-MPK |
| Plaintiffs, | |
| v. | |
| CSX TRANSPORTATION, INC., | |
| Defendant. | |

**<u>ORDER OF COURT</u>**

TO WIT, this _____ day of _____, 2019, upon

consideration of Plaintiff's Petition to Approve Settlement and Proposed Distribution, it is

hereby ORDERED, ADJUDGED and DECREED said Motion is GRANTED as follows:

    a.  The Court finds that the attorney fee and costs of litigation attached herein to the

        Petition are fair and reasonable:

    b.  ███████████████████████████████████████████████

        ███████████████████████████████████

    c.  That zero monies be allocated to the Estate of Ryan Eckelberry for the survival

        action for payment of Estate debts.

    d.  ███████████████████████████████████████████

        ████████████████████████████████████████████

        ███████████████████████████████████████

        ████████████████████████████████████████████

        ████████████████████████████████████████████

        ███████████████████████████████

e.   Proof of deposit is to be filed with this Court within thirty (30) days of this Order.


BY THE COURT:




_____J.

**EXHIBITS A-F REDACTED**