IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF RYAN ECKELBERRY, JANE ECKELBERRY, and HUNTER ECKELBERRY, <br><br> Plaintiffs, <br><br> v. <br><br> CSX TRANSPORTATION, INC., <br><br> Defendant. | Civil Action No. 18-365 <br> Magistrate Judge Maureen P. Kelly <br><br> ECF No. 68 |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Petition to Approve Settlement, requesting approval of the settlement of this litigation and a distribution of the proceeds for the benefit of Hunter Eckelberry, a minor. ECF No. 68. Upon consideration of the Petition and the record in the case, the Court will deny the Plaintiff's Petition to Approve Settlement without prejudice to renew the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Jane Eckelberry, Hunter Eckelberry, a minor, and the Estate of Ryan Eckelberry initiated this action in the Court of Common Pleas of Allegheny County, Pennsylvania, against Defendants CSX Transportation, Inc. ("CSXT") and Norfolk Southern Corporation.[1] Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, on March 20, 2018, CSXT removed this action from state court, asserting diversity jurisdiction and claims exceeding the sum of $75,000. In their Complaint, Plaintiffs alleged negligence, wrongful death, and survival claims arising out of fatal

---

[1] On July 27, 2018, the parties stipulated to the dismissal of Norfolk Southern Corporation from this action, with prejudice. ECF Nos. 23. By Order dated July 30, 2018, the Court approved the dismissal with prejudice. ECF No. 24.

injuries sustained by Ryan Eckelberry after crashing his all-terrain vehicle ("ATV") into a recently installed gate bisecting a path on Defendant's property. ECF No. 1-2. As set forth in the Petition, Defendant contends that at the time of the accident, Ryan Eckelberry was intoxicated and trespassing on CSXT's property. ECF No. 68 ¶ 9. On July 10, 2019, the Court granted Plaintiffs' Motion to Appoint Hunter Eckelberry's Motion as Guardian Ad Litem. ECF Nos. 53, 54, 57.

As part of the mandatory alternative dispute resolution ("ADR") program of this Court, the instant case was referred to mediation with the Hon. Kenneth Benson (ret.) serving as mediator. ECF No. 52. The mediation was conducted on July 22, 2019. ECF No. 59. The mediation resulted in the resolution of the case with a payment by the Defendant in an agreed amount. Id. The mediation was conducted without independent legal representation for Hunter Eckleberry's Guardian.

Pursuant to Local Rule of Civil Procedure 17.1, on August 15, 2019, the Estate of Ryan Eckelberry filed its First Motion for Settlement, ECF No. 65. In the Motion for Settlement, Plaintiff's acknowledged an outstanding claim on any proceeds of this action, filed on the docket of the Court of Common Pleas of Allegheny County Orphans Court by Allegheny Health Network – Allegheny General Hospital ("AHN-AGH"). ECF No. 65 ¶¶ 16-22. Plaintiffs requested that this Court resolve such claims against AHN-AGH, despite their absence as a party to this proceeding and without notice of Plaintiffs' petition. On August 27, 2019, the Court entered an Order denying without prejudice the Motion for Settlement, and directed Plaintiff to obtain any relief as to the AHN-AGH claims in the Court of Common Pleas of Allegheny County Orphans Court. On September 27, 2019, AHN-AGH and Plaintiffs entered into a Mutual Release of All Claims in consideration of the payment of $10,000, by Plaintiffs to AHN-AGH, payment of which

has been remitted. ECF No. 68 at Exhibit G. This payment appears to have been made without deduction of attorney's fees or costs for AGH-AHN's proportionate share of the recovery.[2]

On September 30, 2019, Plaintiffs filed the pending unopposed Petition to Approve Settlement. ECF No. 68. The proposed distribution is as follows: (1) $34,054.62 for Hunter Eckelberry, a minor; (2) payment of attorney's fees based upon a 33% contingency fee, resulting in the amount of $33,000, as "discounted $2,000" for a total of $31,000; and, (3) costs incurred by counsel in the amount of $24,945.38. The proposed distribution to Hunter Eckelberry is to be placed in an interest-bearing account for his benefit until he reaches the age of 18. It is readily apparent to the Court that as proposed, counsel shall recover all of his expenses and fees totaling approximately 56% of the settlement amount, leaving a scant 34% for the decedent's son, and 10% for AHN-AGH. The Court further notes that the Petition to Approve Settlement has been filed without benefit of independent counsel acting on behalf of the Guardian Ad Litem or Hunter Eckelberry.

## II. STANDARD OF REVIEW

Local Rule 17.1 requires court approval for any settlement involving a minor. See Local R. 17.1.A ("[n]o action to which a minor is a party shall be compromised, settled, discontinued or dismissed except after approval approved by the Court"). To determine the fairness of a minor's compromise, the Court looks to state law. Nice v. Centennial Area School District, 98 F. Supp. 2d 665, 669 (E.D. Pa. 2000); Kane v. County of Chester, No. 12-6649, 2016 WL 3997258 * 1-2 (E.D. Pa. July 25, 2016) (quoting Nice, 98 F. Supp. 2d at 669, "it is appropriate to apply the rule

---

[2] The claim notices filed in Orphan's Court and attached to the Petition to Approve Settlement reflect AHN-AGH's total claim in the amount of $58,583. The settlement amount represents a recovery by AHN-AGH of 17% of its total claim. It is apparent that Plaintiffs' counsel failed to deduct attorney's fees or costs attributable to the AHN-AGH claim, and has allocated those amounts to the decedent's son. Based upon the terms of the fee agreement represented in Plaintiffs' Petition, AGH-AHN's recovery should have provided for an offset to account for fees and costs charged to Plaintiffs; i.e., 33% of attorney's fees and 17% of costs, for a total of $5000. In this instance, counsel's failure to do so should not be borne by the decedent's minor child.

3

of decision prescribed by state law in determining the fairness of a minor's compromise and the reasonableness of any attorneys' fee allocated from that settlement."). Accordingly, the Court will apply Pennsylvania law to determine whether to approve the settlement agreement.

As explained in J.N. v. Penn-Delco Sch. Dist., No. 14-1618, 2017 WL 395481, at *3–4 (E.D. Pa. Jan. 30, 2017):

> Under Pennsylvania law, in considering whether to approve a settlement in which a minor is a party in interest, "[a] [c]ourt is charged with protecting the best interests of the minor." Power v. Tomarchio, 701 A.2d 1371, 1374 (Pa. Super. Ct. 1997); see also Stecyk v. Bell Helicopter Textron, Inc., 53 F. Supp. 2d 794, 797 (E.D. Pa. 1999) (Robreno, J.) (citing Wilson v. Bensalem Twp. Sch. Dist., 367 A.2d 397, 398 (Pa. Commw. Ct. 1976)) (same); Collier v. Dailey, No. 98-3261, 1998 WL 666036, at *1 (E.D. Pa. Sept. 24, 1998) (noting that under Pennsylvania law, "in reviewing the settlement agreement, the court must hold that the best interests of the child are paramount and of controlling importance").
>
> After evaluating the fairness of the agreement, a district court must assess the reasonableness of the requested counsel fees. In assessing the reasonableness of the fees, the court must "strike a balance between being a 'passive pro forma rubber stamp' ... and being too intrusive in its consideration of the fairness of counsel fees." Stecyk, 53 F. Supp. 2d at 800-01 (quoting Gilmore v. Dondero, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990)). Especially where the attorneys' fees affect the amount ultimately awarded to the minor, "[i]t is incumbent upon counsel to persuade the court that the attorneys' fees and costs requested are reasonable and equitable." Sosenke v. Norwood, No. 91-2623, 1993 WL 512824, at *5 (E.D. Pa. Dec. 6, 1993), *aff'd*, 37 F.3d 1489 (3d Cir. 1994). Simply because the minor's parents have agreed to a contingent fee agreement does not mean that court approval is warranted. See id. at *3 (citing Estate of Murray v. Love, 602 A.2d 366, 369-70 (Pa. Super. Ct. 1992); Gilmore, 582 A.2d at 1110). Regardless of any fee agreement, as the protector of the minor's interests, the court must independently investigate the fee to be charged to ensure that it is fair and reasonable. See Sosenke, 1993 WL 512824, at *3-4.
>
> Under Pennsylvania law, a court should address the reasonableness of attorneys' fees to be paid under a settlement involving a minor through the two-step process articulated by the Pennsylvania Superior Court in Gilmore, 582 A.2d at 1109-10. First, the court must consider whether the Court of Common Pleas with jurisdiction over the minor has adopted a presumptive lodestar for fees involving the settlement of a minor's claims. See id. Second, if a lodestar exists, the court may adjust that lodestar depending upon the effectiveness of counsel's performance under the circumstances. See id.

4

## III. DISCUSSION

In this instance, and based upon the contents of the Petition to Approve Settlement, the Court is unable to determine the reasonableness of the fees and costs incurred. Expert fees account for 20% of the ultimate settlement amount and yet counsel has failed to provide copies of invoices or reports of the five experts retained in this straight-forward negligence action, nor explained why, at this fairly early stage of litigation, counsel retained two experts to assess economic damages resulting from the accident, and three separate forensic engineering firms.

In addition, counsel has not provided the Court with time records or other evidence to justify a $31,000 fee. The Court's concern in this regard is heightened given the myriad times this Court provided Plaintiffs' counsel guidance on rules of Court, motion and briefing requirements, professionalism, timeliness, and the necessity to act with courtesy to Court staff and opposing counsel. See, e.g., ECF No. 48, 53, 54, 58, 61, 67. The fact that this matter is subject to a contingency fee agreement does not absolve Plaintiffs' counsel of the requirement to produce documentation regarding the hourly rate normally charged, the time expended, or the reasonableness of the request for attorneys' fees in the context of the case at hand, all of which are required to determine the reasonableness of the request for attorneys' fees. Johnson v. Clearfield Area School Dist., 319 F. Supp. 2d 583, 591 (W.D. Pa. 2004); and see, Stecyk, 53 F. Supp. 2d at 801-02 (setting forth factors to be considered once a presumptive lodestar, if any, is established).

As recognized in Gilmore, the trial court has a "continuing responsibility to guard the interests of the minor and, where necessary, to disapprove the payment of a windfall to counsel from the fund recovered on behalf of the minor." Gilmore, 582 A.2d at 1110. This is clearly the goal that underlies the requirement of Rules 2206 of the Pennsylvania Rules of Civil Procedure that a court approve settlement of such a claim and specifically review attorney's fees. In Carter

v. Southeastern Pennsylvania Transportation Authority (SEPTA), 809 A.2d 464 (Pa. Commw. Ct. 2002), the Commonwealth Court affirmed the Orphan's Court reduction in attorneys' fees and costs, concluding that expert and attorney's fees were excessive. In the high/low settlement entered into by the parties just prior to trial, the Court observed that "[w]in or lose, Counsel would receive approximately 70% of the recovery under the settlement it negotiated. A settlement that protects a contingency fee and recovery of costs first and an estate's recovery thereafter is the proper subject of close judicial scrutiny." Id. at 466-67. Accordingly, the Commonwealth Court determined that trial court's "restructuring the distribution so that Counsel received about one-third of the total" comported with the practices and procedures in Philadelphia, and was proper.

In this instance, as currently structured, additional information is required to ensure that the proposed settlement providing Plaintiff's counsel 56% of the total recovery does not result in an inappropriate windfall at the expense of a minor child.

## IV. CONCLUSION

Applying the factors required to be weighed to determine the reasonableness of a request for attorney's fees and costs, the Plaintiffs' Petition to Approve Settlement is deficient and is denied without prejudice. An appropriate Order follows.

## ORDER

AND NOW, this 9th day of October, 2019, upon consideration of Plaintiffs' Petition to Approve Settlement, ECF No. 69, IT IS HEREBY ORDERED that the Plaintiff's Petition is denied without prejudice, and leave to renew is granted to file an Amended Petition to Approve Settlement, that must include:

a. Invoices and reports of the five experts identified in Exhibit C to the Plaintiffs' Petition to Approve Settlement;

b. Documentation regarding counsel's hourly rate and time records regarding this matter; and,

c. Any other information establishing the reasonableness of the amount requested for attorneys' fees.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF